IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMON DEMETRIUS JACKSON,

     Plaintiff,

    v.

TYRONE OLIVER, et al.,

     Defendants.

CIVIL ACTION NO.: 6:25-cv-9

## O R D E R

Defendants filed a Motion to Dismiss. Doc. 33. The Magistrate Judge issued a Report and Recommendation for the Court to dismiss Plaintiff's Complaint. Doc. 39. Plaintiff filed Objections. Docs. 40, 41.

In his Objections, Plaintiff objects to the Magistrate Judge's conclusion that his Complaint is subject to the "three strikes" rule of 28 U.S.C. § 1915(g). He argues that he is currently in imminent danger because "all close security and GA prisons are on statewide lockdown." Doc. 40 at 1. Plaintiff states he has been subjected to "a pattern of ongoing misconduct and severe bodily harm." Id. Plaintiff also contends he is in imminent danger because his confinement is unconstitutional. Plaintiff repeats his allegations from the Complaint that he has been subjected to religious discrimination. Doc. 41 at 3. Plaintiff also states that he is not subject to the "three strikes" rule at all. Id. at 4. Plaintiff argues that the Magistrate Judge erroneously found that he is subject to the rule because the Magistrate Judge incorrectly counted one of his appeals as a strike. Id. Plaintiff additionally argues that two of his prior actions were habeas actions, which he contends also do not count as strikes. Id. Finally, Plaintiff appears to argue that he did not file the

other cases cited by the Magistrate Judge as strikes. Id. ("The other case law[s] described are not filings by plaintiff and shall not be used as a strike against Plaintiff which is partial and contrary to law.").

Plaintiff's claims should be dismissed because he filed his Complaint *in forma pauperis* despite having filed at least three prior federal actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. See Doc. 39 at 3 (citing Plaintiff's three prior causes of action or appeals dismissed as "strikes"). Plaintiff's argument that an appeal should not be counted as a strike runs counter to the text of the statute itself, which states that a prisoner generally may not proceed *in forma pauperis* if he has, on three prior occasions, "brought an action or appeal" that was dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Thus, the statute explicitly contemplates frivolous appeals counting as "strikes." The Court need not address Plaintiff's argument that habeas petitions do not constitute strikes because none of the actions the Magistrate Judge cited as strikes were habeas actions. Finally, Plaintiff's potential contention that he did not file the actions in question is not credible. The Magistrate Judge cited three specific actions as strikes: Jackson v. McLaughlin, Case No. 5:16-cv-142 (M.D. Ga. Apr. 15, 2016); Jackson v. McLaughlin, No. 17-11301 (11th Cir. Mar. 30, 2018); and Jackson v. Paine Webber Group, Case No. 5:19-cv-293 (M.D. Ga. July 22, 2019). A plaintiff named Jamon Demetrius Jackson with a Georgia Department of Corrections' ID Number of 1274161 filed each action. Plaintiff in this case is Jamon Demetrius Jackson with a Georgia Department of Corrections' ID Number of 1274161. In addition, Plaintiff himself disclosed one of these prior actions (5:26-cv-142) in his Complaint. Doc. 1 at 2. Finally, Plaintiff filed the frivolous appeal

the Magistrate Judge cited from a district court's dismissal of his case in 5:16-cv-142.[1] Ultimately, The Court finds no error in the Magistrate Judge's evaluation of Plaintiff's prior litigation history.

The Magistrate Judge also properly concludes that Plaintiff cannot proceed *in forma pauperis* on imminent danger grounds. The only way for a plaintiff to proceed under § 1915(g) if he has three prior "strikes" is if he can show that he is "under immediate danger of serious physical injury." Id. Here, Plaintiff's allegations are primarily tied to religious discrimination and his contention that "all Georgia prisons" are "unconstitutional." Doc. 41 at 2. These allegations are far too vague and conclusory to show that Plaintiff is in imminent danger. See Chestnut v. Leavins, Case No. 3:21-cv-827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (concluding that "[g]eneral allegations, which are not grounded in specific facts indicating that serious physical injury is imminent, are not sufficient to invoke the exception to § 1915(g)") (citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)), report and recommendation adopted, 2021 WL 3132724 (July 24, 2021). Plaintiff has not satisfied the requirements of § 1915(g).

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, and **GRANTS** Defendants' Motion to Dismiss. Doc. 33. The Court **DISMISSES without prejudice** Plaintiff's Complaint and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 2nd day of March, 2026.

_____
J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Magistrate Judge also cited three separate actions Plaintiff previously filed that courts dismissed under the "three strikes" rule. Doc. 39 at 4. Plaintiff does not address these dismissals.

3